UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
|     Plaintiff, | : |
| | :     3:09-cv-2013 (CFD) |
|     v. | : |
| | : |
| ALBERT E. HOLLAND, JR. and | : |
| DEBORAH D. HOLLAND, | : |
|     Defendants. | : |

## RULING ON MOTION TO DISMISS AND CROSS MOTION FOR SUMMARY JUDGMENT

**I.    Introduction**

In this case the government seeks to collect unpaid income taxes assessed against defendants Albert and Deborah Holland for the years 1994, 1995 and 1996. As of July 31, 2010, the combined liability is $616,980.94, plus interest that has accrued since that date. Mr. Holland has moved to dismiss the complaint, and the government has moved for summary judgment.

**II.    Background[1]**

For the three years in question, Albert and Deborah Holland filed joint income tax returns. On December 4, 1995, they filed a return for the 1994 tax year. Although they had obtained an extension of time to file, the return was filed beyond the extension period. On January 8, 1996, the Internal Revenue Service ("IRS") assessed income tax due based on the joint return filed by the Hollands in the amount of $88,319. The IRS reports it issued a notice of the assessment to the Hollands. A few months later, on March 4, the IRS represents it issued an

---

[1] The following facts are taken from the complaint, the parties' affidavits and declarations, and supporting exhibits, and are undisputed except where otherwise noted.

additional notice of assessment for the 1994 tax year after adjustments were made to the account ($515.73 for a Failure to Pay Tax Penalty, additional interest in the amount of $527.44, and a Late Filing Penalty was partially abated by the amount of $199.51). Mr. Holland disputes that these notices were sent.

On December 15, 1997, the Hollands filed returns for the 1995 tax year and for the 1996 tax year. They had obtained extensions, but both filings were also filed beyond the extension period. On February 9, 1998, the IRS assessed income tax due based on the 1995 joint return in the amount of $192,082, and assessed income tax due based on the 1996 return in the amount of $66,786. The IRS represents it issued notices of these assessments, but Mr. Holland disputes that the notices were sent.

According to a declaration from Sarah Lauriat, Revenue Officer of the Internal Revenue Service, the IRS issues notices of assessment and demands for payment automatically, whenever an assessment is posted to a taxpayer's account. Lauriat stated in her declaration that the notices to the Hollands were sent to the last known addresses for the Hollands on file with the IRS, which is usually the address the taxpayer provides on the most recent return. Lauriat Dec. ¶¶ 9-11, ECF No. 26-2.

In his affidavit, Mr. Holland states his additional tax liability is the fault of improper accounting methods by Active Media Services, Inc. Def.'s Am. Resp. to Summ. J. 3, ECF No. 47. Active Media owned two-thirds of Active Asset Recovery L.P., and Mr. Holland owned the remaining one-third interest. In addition, Mr. Holland and a partner, Mark Holod, each owned a 50% share in a Subchapter S corporation known as Real Estate Asset Recovery Services ("REARS"). REARS did work for, and received payment from, Active Asset Recovery, and then

REARS distributed the earnings to Holland and Holod. Mr. Holland states in his affidavit that Active Media Services used improper accounting methods: if the company were profitable in a given year, its profits would be sheltered and a large tax loss would be reported, while if the company were unprofitable, a tax liability would be reported. Mr. Holland further states that the K-1 tax forms issued to him as an individual by REARS for 1994, 1995 and 1996 show large tax liabilities as a result of this method employed by Active Media Services.

As additional support, Mr. Holland submitted four tax forms as Exhibit A to his amended response to the government's motion for summary judgment: a schedule K-1 for tax year 1995, and 1120S forms for an S corporation, for tax years 1995, 1996 and 1997. Def.'s Am. Resp. to Summ. J., ECF No. 47, Ex. A.

This suit was brought by the government on December 10, 2009 to reduce to judgment the outstanding tax liabilities of the Hollands. The government also commenced a criminal prosecution against Mr. Holland in connection with his income tax obligations.[2] On April 15, 2010, Mr. Holland was convicted after a jury trial of one count of evasion of the payment of income taxes pursuant to 26 U.S.C. §7201, and of two counts of filing a false income tax return pursuant to 26 U.S.C. §7201(1). See Jury Verdict, Case No. 09-cr-0139 (JBA), ECF No. 66.[3] He was sentenced to three years in prison and three years of supervised release. See Judgment, Criminal Docket, ECF No. 115.

Mr. Holland represents himself *pro se* in this civil matter. Mrs. Holland has not filed an

---

[2]Mrs. Holland has never been criminally prosecuted in relation to these tax liabilities.

[3]Hereinafter, the docket in Mr. Holland's criminal case will be referred to as "Criminal Docket."

appearance, but filed a Motion for Innocent Spouse Relief. See Motion, ECF No. 19. In lieu of an answer, Mr. Holland moved to dismiss the complaint. See Motion to Dismiss, ECF NO. 20. In that motion, Mr. Holland argues the government never gave him notice of the assessments, or made demand for payments. The government responded with a cross motion for summary judgment, to which Mr. Holland responded on November 10, 2010.[4] He then filed an amended response on February 9, 2011. Part of his response is an affidavit at pages 3–8. The Court will first address Mr. Holland's motion to dismiss, and then the government's cross motion for summary judgment.

### III. Applicable Law and Discussion

#### A. Effect of Criminal Conviction

As a threshold matter, the Court addresses what preclusive effect, if any, Mr. Holland's criminal conviction for tax evasion has on this case. Collateral estoppel bars relitigation of an issue if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final

---

[4] Mrs. Holland has not contested the government's motion for summary judgment. Because Mr. Holland is not a lawyer, he may not appear on his wife's behalf. See e.g., Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."). Although Mrs. Holland has failed to respond to the government's motion for summary judgment, the court must still determine if the government has met its burden. Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001) ("[E]ven when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."). Both defendants received the required notice to *pro se* parties of the motion for summary judgment. Notice, ECF No. 25.

judgment on the merits." Boguslavsky v. Kaplan, 159 F.3d 715, 720 (2d Cir. 1998) (internal citations and quotations omitted). Criminal convictions may collaterally estop a party to a civil case from litigating a particular issue if that issue were necessarily decided in the criminal case. See e.g., Parklane Hosiery Co. v. Shore, 439 U.S. 332, 330–31 (1979); United States v. Podell, 572 F.2d 31, 35 (2d Cir. 1978).

In this case, the civil lawsuit seeks a judgment declaring that the amount of taxes owed by the Hollands for the years 1994, 1995 and 1996 is correct and enforceable. In Mr. Holland's criminal case, he was convicted of evasion of the payment of income taxes and filing a false income tax return. The tax years at issue in the criminal case included the years 1994–1996, but also other years as well. Indictment ¶¶19, 21, 23, Criminal Docket, ECF No. 1.

As to the first count, the elements of evasion of payment of income taxes are: (1) willfulness, (2) the existence of a "substantial" tax deficiency and (3) and an affirmative act of evasion. United States v. Ellett, 527 F.3d 38, 40 (2008). As to the second element, the jury did not find that Mr. Holland owed a specific amount of taxes, it simply determined that he had a "substantial" tax deficiency. The court instructed the jury that:

> [T]he Government must prove beyond a reasonable doubt . . . that the Defendant had due and owing substantial income taxes in addition to any taxes paid. The Government is required to establish only that the Defendant owed a substantial amount of income tax in addition to any taxes paid during the years in question, whether more or less than the amount set forth in the Indictment.
>
> *The Government does not have to prove* that Defendant evaded all of the taxes charged in the Indictment, the precise amount of taxes alleged in the Indictment, or *the precise amount of taxes owed*. A certificate of assessments and payments is evidence of the asserted tax deficiency, which, if unchallenged, may suffice to prove the tax due and owing.

Court Jury Instructions 13, Criminal Docket, ECF No. 61 (emphasis added). Therefore, the

precise amount of taxes the Hollands owe, the central issue in this civil lawsuit, was not an issue "necessary to support a valid and final judgment on the merits" in Mr. Holland's criminal case.

As to the other counts, the elements of filing a false income tax return are: (1) that the defendant made and signed a tax return that contained false information, (2) that the defendant knew that this information was false, (3) that the false statement was material, (4) that the return contained a written declaration that it was being signed subject to the penalties of perjury, and (5) that in filing the false return, the defendant acted willfully. 2B Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 67.15 (5th ed.). The precise amount of taxes the Hollands owe is not a component of any of these elements, therefore it was not an issue in Mr. Holland's criminal case.

Because the precise amount of the Holland's tax liability was not an issue decided by Mr. Holland's criminal conviction, collateral estoppel does not apply.

**B.     Motion to Dismiss**

Mr. Holland's motion will be styled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). In determining whether the plaintiff has met this standard, the Court must accept the allegations in the complaint as true and draw all reasonable

inferences in the light most favorable to the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).

Here, the complaint clearly and succinctly alleges the taxes the Hollands owe for the three years. The government submitted certified copies of Form 4340, Certificate of Assessments and Payments ("Form 4340") which are official transcripts of the Hollands' tax account from tax years 1994, 1995 and 1996. The Form 4340s show all assessments, abatements, credits and refunds relating to the account. See Pl.'s Cross Mot. for Summ. J. Ex. 1, August 4, 2010, ECF No. 26-1. Taking these allegations as true, the government's claim is plainly plausible. Furthermore, Mr. Holland's argument that the IRS never gave him notice of the assessment is not a reason to dismiss the complaint. Several Circuit Courts of Appeals have held that notice is not a prerequisite to a civil suit to collect a tax assessment. See United States v. Chila, 871 F.2d 1015, 1019 (11th Cir. 1989) (holding that notice is required only in case of summary enforcement procedure); United States v. Berman, 825 F.2d 1053, 1060 (6th Cir. 1987) ("The notice provision of [26 U.S.C.] section 6303(a) was designed to protect the taxpayer only where the summary powers of the IRS to collect taxes administratively are concerned, and does not restrict the government's right to maintain a civil action against the taxpayer to obtain judgment for the amount due."). Accord, Jenkins v. Smith, 99 F.2d 827 (2d Cir. 1938) (discussing the predecessor statute to the current notice provision, and holding that a defect in notice does not affect whether the tax liability "could have been enforced by the United States").

For these reasons, the motion to dismiss is denied.

## C. Motion for Summary Judgment

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine disputes as to any material fact and that it is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Eng'g Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir.2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). Consistent with this standard, all evidence favorable to the nonmoving party must be credited if a reasonable jury could credit it. Evidence favorable to the moving party, on the other hand, must be disregarded unless a reasonable jury would have to credit it because it comes from a disinterested source and is uncontradicted and unimpeached. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

Where one party is proceeding *pro se*, the court must read that party's papers liberally and interpret them to raise the strongest arguments suggested. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "Despite this liberal interpretation, however, an unsupported assertion cannot overcome a properly supported motion for summary judgment." Hasfal v. City of Hartford, No. 06-cv-55, 2009 WL 1870871 at *1 (D. Conn. June 25, 2009) (Droney, J.) (citing Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)).

The government argues it is entitled to summary judgment because "a government tax assessment is entitled to a presumption of correctness." United States v. McCombs, 30 F.3d 310, 318 (2d Cir. 1994). In United States v. Lease, 346 F.2d 696, 701 (2d Cir. 1965), the U.S. Court of Appeals for the Second Circuit explained how the presumption operates:

> [O]verall, the Government has the burden of coming forward and persuading the trier that the taxpayer has or had a tax liability. If not challenged the assessment establishes that liability. A taxpayer's challenge must persuade the trier by a preponderance of the evidence that the assessment is erroneous.

The court in Lease went on to explain that the rationale behind this burden of proof is based on the taxpayer's obligation to keep and maintain records.

> Good records will go far to overcome the presumption of correctness attaching to the assessment. . . . Where no records have been kept the taxpayer will have an understandably more difficult task in demonstrating to and persuading the trier that the Government's assessment is not as reliable as his word or recollection. The Government, as here, will normally have made its determination at a time when more evidence was available.

Id. at 700. The presumption of the assessments' validity means that the court need not, on its own, examine the IRS's calculations. "Because the assessment is presumed valid, the facts underlying the assessment need not even be presented to the Court for summary judgment to be awarded." Carter v. United States, 717 F. Supp. 188, 191 (S.D.N.Y. 1989).

In this case, the government has produced certified copies of Form 4340 which details the assessments against Mr. and Mrs. Holland. "It is well established that the Form 4340 is presumptive proof of a valid assessment." United States v. Sitka, No. 90-cv-265, 1994 WL 389473 *3 (D. Conn. May 19, 1994) (internal quotation and citation omitted). In response, Mr. Holland argues his tax returns for the years in question were fraudulently prepared. He argues that the improper accounting methods used by Active Media Services affected the income that he reported from REARS. He states that "Joel Issacson & Co. (Stanley Altmart) issued Holland tax returns showing this tax liability. Holland filed his tax returns showing these taxes due." Def.'s Am. Resp. to Summ. J. 4, ECF No. 47. Mr. Holland argues that his tax returns should have entitled him to a large refund, not a large tax liability:

> The K-1's for 1994, 1995 and 1996 were full of errors—which were not Holland's fault—not so nicely, fraudulent to say the least. Therefore, the Holland returns for 1994, 1995, and 1996 should of reported correctly, showing significant tax-losses, <u>not taxable income</u>, and large tax refund would be due to the Holland's [sic], <u>not large tax liabilities as was reported</u>.

Id. at 5 (emphasis in the original). As supporting documentation, Mr. Holland submitted a schedule K-1 for tax year 1995, and 1120S forms for an S corporation for tax years 1995, 1996 and 1997.

These arguments and submissions by Mr. Holland fail to raise a genuine dispute of material fact, and do not overcome the presumption that the government's assessments are correct. Mr. Holland has not provided evidence to show the IRS's tax assessments were erroneous. He did not submit any documents related to the 1994 tax year. For 1995, Mr. Holland submitted a schedule K-1 and a Form 1120S. They show his income from his share of the REARS business was $171,345 (shown on line 1 of schedule K-1). However, Mr. Holland

-10-

reported adjusted gross income of $520,326 on his joint income tax return for that year, but does not offer any evidence to contest the non-REARS portion of his adjusted gross income. Also, although he contests the accuracy of the schedule K-1, he does not offer an estimate of the correct amount of REARS income. Mr. Holland has not shown by a preponderance of the evidence that the government's assessment for the tax year 1995 is erroneous. For 1996, Mr. Holland submitted a Form 2210S that shows a loss of $57,193. Yet he reported adjusted gross income of $243,490 on his joint income tax return for that year. He does not offer any evidence to contest the amount of adjusted gross income he reported. Again, Mr. Holland has not shown by a preponderance of the evidence that the government's assessment for the tax year 1996 is erroneous.

"When a motion for summary judgment is supported by documentary evidence and sworn affidavits," as in this case, "the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or present mere speculation or conjecture." Hasfal, 2009 WL 1870871 at *1 (citing Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990)). Therefore, the government's motion for summary judgment as to Mr. Holland is granted. Because the tax assessments reflected on the Form 4340s are presumed correct, the government has met its burden with respect to the summary judgment as to Mrs. Holland as well. For these reasons, the government's motion for summary judgment is granted.

## IV.     Conclusion

For the reasons set forth above, the defendant's motion to dismiss [Dkt. # 20] is DENIED and the government's cross motion for summary judgment [Dkt. # 26] is GRANTED .

SO ORDERED this   3rd   day of March 2011, at Hartford, Connecticut.


 /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**